UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARC SCHAEFFER                            )
                                          )
                                          )
                                          )
        Plaintiff,                        )
                                          )
    vs.                                   )
                                          )
THE SCHOOL BOARD OF                       )
BROWARD COUNTY,                           )
FLORIDA                                   )
                                          )
                                          )
        Defendant.                        )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, MARC SCHAEFFER (hereinafter referred to as "SHAEFFER"), by and through his undersigned attorneys, hereby sues the Defendant, BROWARD COUNTY SCHOOLS, (hereinafter referred to as "BROWARD SCHOOLS"), and in support states as follows:

### Jurisdictional Allegations

1.   This is an action for recovery against BROWARD SCHOOLS, pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12201, et seq., as amended (hereinafter referred to as "ADA").

2.   SCHAEFFER is an individual, who at all times material herein resided in Broward County, Florida, and is *sui juris*.

3.   BROWARD SCHOOLS is a subdivision of the State of Florida and is a public

entity as defined by 42 U.S.C. § 12131.

4. Venue is proper as the cause of action occurred in Broward County, Florida.

5. All conditions precedent have been met or waived.

**General Allegations**

6. This Complaint arises out of the events that took place at New River Middle School, which is a school in the Broward County School District and is part of BROWARD SCHOOLS.

7. At all times material, SCHAEFFER was a qualified individual with a disability as defined by the ADA.

8. At all times material, BROWARD SCHOOLS regarded SCHAEFFER as having a disability.

9. At all times material, BROWARD SCHOOLS failed to accommodate SCHAEFFER'S disability in violation of the ADA.

**Statement of Facts**

10. This is a case about a school that terminated a teacher because of his disability, after it failed to accommodate his disability.

11. BROWARD SCHOOLS is the sixth largest public school system in the United States, and the second largest in Florida, with 229 schools and education centers and 95 charter schools.

12. SCHAEFFER was hired by BROWARD SCHOOLS as a substitute teacher on October 21, 2008.

13. SCHAEFFER informed BROWARD SCHOOLS that he was disabled with Type I Diabetes in his employment application, which he completed before he was hired.

2

**THE TICKTIN LAW GROUP, P.A.**
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

14. SCHAEFFER also discussed his disability and the need for accommodation with BROWARD SCHOOLS at the time he was hired.

15. SCHAEFFER is physically impaired as he has Type I Diabetes and is required to take regular injections of insulin five to seven times a day, including shots within ten to fifteen minutes of eating.

16. Without taking his insulin injections, SCHAEFFER cannot perform the major life activities of walking, caring for himself, performing manual tasks, seeing, hearing, eating, standing, lifting, communicating or working as he will become unconscious.

17. Type I Diabetes is a permanent, life-long impairment that only worsens with time.

18. SCHAEFFER'S condition is so severe that he will become unconscious if he fails to take his insulin injections as prescribed, as it has happened previously.

19. When SCHAEFFER took his insulin injections, he was able to perform the essential functions of his job as substitute teacher.

20. As such, SCHAEFFER was a qualified individual with a disability as defined by the ADA. 42 U.S.C. § 12102.

21. SCHAEFFER requested and required reasonable accommodation of allowing him to step out of the classroom to take his insulin injections.

22. In order to perform his job with reasonable accommodation, SCHAEFFER needed to be relieved for a few minutes at a time by other members of the faculty so that he could step out of the classroom and privately take his insulin injections.

23. SCHAEFFER regularly worked as a substitute teacher at New River Middle School for three years and verbally informed the administration of his disability and need for accommodation daily.

THE TICKTIN GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

24. The administration at New River Middle School and BROWARD SCHOOLS were aware of SCHAEFFER'S disability and need for accommodation as it regularly provided accommodation for SCHAEFFER.

25. When SCHAEFFER needed accommodation, he called the administration, and the administration would send a faculty member to SCHAEFFER'S classroom for relief so that he could step out of the classroom and privately take his insulin injection.

26. Relief was provided by BROWARD SCHOOLS on a daily basis, as SCHAEFFER would become unconscious without his regular insulin injections.

27. Because BROWARD SCHOOLS provided SCHAEFFER with reasonable accommodation daily, BROWARD SCHOOLS, including New River Middle School was aware of SCHAEFFER'S disability and regarded SCHAEFFER as having a disability.

28. On January 13, 2013, SCHAEFFER was working as a substitute teacher at New River Middle School.

29. On January 13, 2013, SCHAEFFER called administration, spoke to Assistant Vice Principal, Ms. Gayle, and requested relief so that he could step out of the classroom and take his insulin injection.

30. When no relief arrived, SCHAEFFER again called administration and requested relief.

31. Finally, when it became clear to SCHAEFFER that BROWARD SCHOOLS was not sending relief, SCHAEFFER realized that he either had to leave the children unattended or take his insulin injection in the classroom so that he did not become unconscious.

32. Due to the exigency of the situation that had arisen, SCHAEFFER took his insulin injection in the classroom as discretely as possible.

THE TICKTIN GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

33. On January 14, 2013, SCHAEFFER went online to find out his assignment for the next day and noticed that all of his future assignments had been cancelled.

34. On January 15, 2013, SCHAEFFER called New River Middle School and was informed by Ms. Gayle that his employment was terminated because he "was shooting up drugs in the classroom."

35. Due to BROWARD SCHOOL'S discriminatory practices and its failure to accommodate SCHAEFFER'S disability, SCHAEFFER has retained the services of the undersigned attorneys, and has agreed to pay them a reasonable fee for their services.

36. SCHAEFFER has exhausted his administrative remedies prior to bringing this action.

37. SCHAEFFER has complied with all conditions precedent prior to bringing this action.

### Count I – Failure to Accommodate in Violation of Title I of the <u>Americans with Disabilities Act</u>

38. SCHAEFFER avers and alleges the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

39. SCHAEFFER is a qualified individual with a disability.

40. SCHAEFFER was regarded by BROWARD SCHOOLS as having a disability as BROWARD SCHOOLS provided him with reasonable accommodation on a daily basis.

41. Pursuant to the ADA, BROWARD SCHOOLS had a duty to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

42. SCHAEFFER requested reasonable accommodation in the form of a relief faculty

5

**THE TICKTIN LAW GROUP, P.A.**
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

member on multiple occasions on January 13, 2013.

43. BROWARD SCHOOLS ignored SCHAEFFER'S repeated requests.

44. Instead, BROWARD SCHOOLS terminated SCHAEFFER'S employment for administering his medication in the classroom.

45. BROWARD SCHOOLS was aware of SCHAEFFER'S disability and regarded him as having a disability when it regularly provided accommodation in the prior to January 13, 2013.

46. BROWARD SCHOOLS failed to accommodate SCHAEFFER in violation of the ADA.

WHEREFORE, the Plaintiff, MARC SCHAEFFER, respectfully requests this Honorable Court enter a judgment against the Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, and award all damages to which he is entitled, including compensatory and punitive damages, front pay, back pay, an award of attorneys' fees and costs, and all other damages and relief this Honorable Court deems just and proper.

**Count II – Discrimination in Violation of the Title I Americans with Disabilities Act**

47. SCHAEFFER avers and alleges the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

48. SCHAEFFER has Type I Diabetes which substantially limited one or more major of his life activities.

49. As such, SCHAEFFER has a disability as defined by the ADA.

50. BROWARD SCHOOLS was aware of SCHAEFFER'S disability and regarded him as having a disability when it regularly provided accommodation in the prior to January 13, 2013.

6

THE TICKTIN GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

51.    SCHAEFFER was qualified to be a substitute teacher for BROWARD SCHOOLS as he had performed the job for BROWARD SCHOOLS for over four years with accommodation prior to his termination.

52.    SCHAEFFER was terminated for taking his medication in the classroom when BROWARD SCHOOLS failed to provide the reasonable accommodation that they had been providing since SCHAEFFER began his employment.

53.    Therefore, SCHAEFFER was unlawfully discriminated against in violation of the ADA when BROWARD SCHOOLS terminated his employment because of his disability.

WHEREFORE, the Plaintiff, MARC SCHAEFFER, respectfully requests this Honorable Court enter a judgment against the Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, and award all damages to which he is entitled, including compensatory and punitive damages, front pay, back pay, an award of attorneys' fees and costs, and all other damages and relief this Honorable Court deems just and proper.

7

THE TICKTIN LAW GROUP, P.A.
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

**Demand for Trial by Jury**

The Plaintiff demands a trial by jury on all issues so triable.

Dated: August 28, 2014

                                        Respectfully submitted,

                                        /s/ Rebecca Radosevich
                                        Rebecca Radosevich
                                        Florida Bar No.: 91205
                                        Serv529@LegalBrains.com
                                        Rradosevich@LegalBrains.com
                                        Jamie Alan Sasson
                                        Florida Bar No.: 10802
                                        Serv513@LegalBrains.com
                                        Jsasson@LegalBrains.com
                                        **THE TICKTIN LAW GROUP, P.A.**
                                        600 West Hillsboro Boulevard
                                        Suite 220
                                        Deerfield Beach, Florida 33441-1610
                                        Telephone: (954) 570-6757
                                        Facsimile: (954) 570-6760
                                        Attorneys for the Plaintiff

8

**THE TICKTIN LAW GROUP, P.A.**
600 WEST HILLSBORO BOULEVARD, SUITE 220, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757