UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  14-CIV-61972-BLOOM/Valle


MARC SCHAEFFER,

        Plaintiff,

v.

THE SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

        Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendant School Board of Broward County,

Florida's Motion to Dismiss, ECF No. [11].  The Court has reviewed the Motion, all opposing

and supporting filings, and the record in this case, and is otherwise fully advised in the premises.

For the reasons that follow, the Court now denies Defendant's Motion.

## I. BACKGROUND

This matter stems from Plaintiff Marc Schaeffer's allegedly unlawful termination from

his position as a substitute teacher.  *See* ECF No. [1].  As a result of his termination, Plaintiff

Schaeffer ("Plaintiff") commenced this action on August 28, 2014, asserting violations of Title I

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12201 *et seq.*, against the School

District of Broward County, Florida ("Defendant").  *See id.*  Plaintiff suffers from Type I

Diabetes, and, as a result, is required to take regular injections of insulin five to seven times a

day.  *Id.* at ¶ 15.  If he fails to take his medication on a regular basis, Plaintiff exposes himself to

countless risks, including, but not limited to, the inability to walk, care for himself, or perform

basic life functions such as seeing, hearing, standing, and communicating.  *See id.* at ¶ 16.  For three years prior to his termination, Plaintiff was able to perform his job as a substitute teacher at New River Middle School with reasonable accommodation.  *See id.* at ¶ 23.  When Plaintiff was required to take his injection, he would place a call the administration informing them of the matter.  *Id.* at ¶ 25.  The administration would then send a relief faculty member so that Plaintiff could step out and privately administer the injection.  *Id.*

On January 13, 2013, Plaintiff was working at New River Middle School when he was required to take his injection.  *Id.* at ¶¶ 28-29.  As was customary, he called administration in order to request relief.  *Id.* at ¶ 29.  Although he spoke with an administrator, no relief arrived.  *Id.* at ¶ 30.  Plaintiff called and requested relief for a second time.  *Id.*  Again, no relief arrived.  *See id.* at ¶ 30-31.  Consequently, Plaintiff was obligated to either leave the children unattended, or take the injection while still in the classroom.   *See id.* at ¶¶ 31-32.  He opted for the latter, taking his injection as discretely as possible.  *See id.*  The next day, January 14, 2013, Plaintiff realized that his future assignments had been cancelled.  *Id.* at ¶ 33.  On January 15, 2013, Plaintiff called New River Middle School where he was informed that his employment was terminated because he "was shooting up drugs in the classroom."  *Id.* at ¶ 34.

As a result of his termination, Plaintiff filed the instant action, bringing claims for failure to accommodate in violation of the ADA by virtue of Defendant's failure to provide a relief faculty member so that he could administer his medication (Count I), and discrimination in violation of the ADA because he took his required medication in the classroom (Count II).  *See id.* at ¶¶ 48-53.  Defendant now seeks to dismiss Plaintiff's Complaint for failure to comply with the notification requirements of § 768.28(6), Florida Statutes.  *See* ECF No. [11].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).

## III. DISCUSSION

Defendant asserts that Plaintiff has not alleged that he has complied with all conditions precedent and exhausted his administrative remedies prior to initiating this action.     Section 768.28, Florida Statutes provides in its pertinent part:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority,

3

> presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing;
>
>        *   *   *
>
> For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.

Fla. Stat. § 768.28(6)(a) and (b).  Pursuant to the statute, a plaintiff must satisfy the notice requirements prior to maintaining a lawsuit against a subdivision of the State, "and the complaint must contain an allegation that such notice was given."  *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008) (quoting *Diversified Numismatics, Inc. v. City of Orlando, Fla.*, 783 F. Supp. 1337, 1347 (M.D. Fla. 1990)).  Generally, an action pursued without first satisfying the statutory notice provision must be dismissed without prejudice, so that plaintiff may amend his complaint to comply with the requirement.  *Id.* (citation omitted).  However, where the time for notice has expired and it is evident that the plaintiff cannot fulfill the requirement, a dismissal with prejudice is warranted.  *Id.* (citing *Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. 5th DCA 2004)).[1]

---

[1] Therefore, even if the pre-suit notification requirement was applicable, Plaintiff's failure to notify would not be fatal to his claims.  In *Fitzgerald v. McDaniel*, 833 F.2d 1516 (11th Cir. 1987), the Eleventh Circuit adopted the reasoning in *Askew v. County of Volusia*, 450 So. 2d 233 (Fla. 5th DCA1984).  The holdings in *Fitzgerald* and *Askew* imply that if notice is given within the three-year time limit, and the six months in which the government must respond has expired, then the purpose of the notice provision has been accomplished, regardless of when the complaint was initially filed.  *See Fitzgerald*, 833 F.2d at 1519 ("Although [plaintiff] failed to wait six months to file this action, more than six months elapsed before the district court finally disposed of the issue.  Since [defendant] was duly notified of [plaintiff's] claims and had time to respond, the purpose underlying section 768.28(6) was adequately served."); *Askew*, 450 So. 2d at 234-45 (finding dismissal improper where notice was accomplished within three years of the incident and six months had elapsed since notice was effectuated, even though plaintiff filed his complaints prior to noticing the state).  Had dismissal been warranted here, the Court would be required to do so without prejudice.

Defendant avers that because it is a subdivision of the State of Florida, Plaintiff was required to present his claims in writing and obtain pre-suit authorization. Plaintiff does not dispute that he did not first notify the appropriate agency or the Florida Department of Financial Services prior to commencing this lawsuit. *See* ECF No. [12]. Rather, Plaintiff contends that the pre-suit requirements under § 768.28, Florida Statutes, are inapplicable to his federal claims under the ADA. *See id.* The Court agrees.

Section 768.28 is entitled "Waiver of sovereign immunity in *tort* actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions." Fla. Stat. § 768.28 (emphasis supplied). Subdivision (a) speaks to the purpose of the statute:

> [T]he state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for *torts*, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, *in accordance with the general laws of this state*, may be prosecuted subject to the limitations specified in this act."

Fla. Stat. § 768.28 (1) (emphasis supplied). Pursuant to this language, the notification requirement applies solely to state-law tort claims. Indeed, "[t]he sole purpose for the enactment of section 768.28 was to waive sovereign immunity *for breaches of common law torts*." *Bifulco v. Patient Bus. & Fin. Servs., Inc.*, 997 So. 2d 1257, 1258 (Fla. 5th DCA 2009) *approved and remanded*, 39 So. 3d 1255 (Fla. 2010) (citing *Trianon Park Condo. Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985)) (emphasis supplied). Consequently, the pre-suit notification requirement under § 768.28(6), "was only intended to apply to suits for which

5

immunity was waived by enactment of the statute, *to wit: common law torts*." *Id.* (emphasis

supplied).[2] Plaintiff's claims are brought pursuant to the ADA, and are therefore neither state

law causes of action nor claims sounding in tort.[3] *See Gutman v. Quest Diagnostics Clinical

Labs., Inc.*, 707 F. Supp. 2d 1327, 1332 (S.D. Fla. 2010) (noting that a violation of the ADA "is

not a recognized common law tort"); *see also McElrath v. Burley*, 707 So. 2d 836, 839 (Fla. 1st

DCA 1998) (indicating that claims of employment discrimination and retaliatory discharge did

not exist at common law). Accordingly, the notification requirement set forth in § 768.28 is

inapplicable to the case at bar. *Cf. Majette v. O'Connor*, 811 F.2d 1416, 1418 (11th Cir. 1987)

(finding that the notification requirement under § 768.28 is inapplicable to claims brought

pursuant to 42 U.S.C. § 1983). Moreover, "Congress [has] expressly abrogated states' eleventh

amendment sovereign immunity with respect to ADA claims." *Ellen S. v. Florida Bd. of Bar

Examiners*, 859 F. Supp. 1489, 1494-95 (S.D. Fla. 1994) (citing 42 U.S.C. § 12202). Plaintiff's

other arguments need not be addressed.[4]

---

[2] The Middle District of Florida indirectly stated this in *Rumler v. Department of Corrections*: "As Count III is *solely a claim under Florida law*, [p]laintiff must comply with the notice requirements of section 768.28(6) as a condition precedent to maintaining an action against the [defendant]." *Rumler v. Dep't of Corr., Florida*, 546 F. Supp. 2d 1334, 1344 (M.D. Fla. 2008) (emphasis added).

[3] In certain circumstances, discrimination may also be pursued as a tort. *See Vamper v. United Parcel Serv., Inc.*, 14 F. Supp. 2d 1301, 1306 (S.D. Fla. 1998) (noting that "[t]he tort of intentional infliction of emotional distress can undoubtedly arise in the context of employment discrimination"). Such claims are not implicated here.

[4] Plaintiff incorrectly analogizes the ADA to the Florida Civil Rights Act, claiming that Title I of the ADA requires a party to first engage in the administrative notice procedures contained therein. However, "unlike some other civil rights statutes, the ADA does not require pre-suit notice for claims filed against private public accommodations. A person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, and the district court may not dismiss the suit for lack of pre-suit notice." *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359-60 (11th Cir. 2006) (citing 42 U.S.C. §§ 12188(a)(1), 2000a–3(a)).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Defendant

School Board of Broward County, Florida's Motion to Dismiss, **ECF No. [11]**, is **DENIED**.

Defendant is directed to file an answer to Plaintiff's Complaint **by November 26, 2014.**

**DONE AND ORDERED** in Fort Lauderdale, Florida this 7th day of November 2014.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record